IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RAYMOND HASTINGS,

    Plaintiff,

v.

KIM TOBIAS THOMAS, Commissioner
of the Alabama Department of
Corrections, *et al.*,

    Defendants.

CASE NO. 2:13-cv-418
(WO—Do not publish)

### ORDER

Before the Court is Raymond Hastings's Motion for Emergency Injunction. (Doc. # 1.) The Court construes this pleading as a motion for a temporary restraining order and a motion for preliminary injunction. Hastings, a *pro se* prisoner in the Easterling Correctional Facility in Clio, Alabama, claims that he was beaten by a correctional officer, Lieutenant Kenneth Drake on June 12, 2013, and is now is hurt and "scared to death" of Lieutenant Drake and several other of the correctional officers. In his motion, Hastings requests that the Court order Lieutenant Drake to stay away from him and order the prison warden to ensure that no more harm comes to him. Because Hastings brings this motion as a *pro se* litigant, the Court must construe it liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a

temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1] A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

A temporary restraining order is a "drastic remedy" because a court issues it without giving notice to the opposing party. Thus, denying a party the chance to be heard requires the moving party to make a persuasive showing of necessity. With this in mind, Hastings's request for a temporary restraining order fails because he has not clearly shown that he is in imminent danger. Although Hastings has set forth in detail the injuries allegedly inflicted on him by Lieutenant Drake in the past, Hastings has not alleged any specific conduct on the

---

[1] Rule 65 also has a procedural component. But since Hastings cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues.

part of Lieutenant Drake that shows he is at immediate risk of suffering injury in the future. Hastings has not alleged anything that Lieutenant Drake has done or any threats made after the alleged June 12, 2013 beating suggesting that Lieutenant Drake or other officers pose an immediate threat to his safety.

Because Hastings has presented no facts showing that he is in immediate danger of being harmed by Lieutenant Drake or others, the Court finds that Hastings's request for a temporary restraining order is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief.  Accordingly, the Motion for a Temporary Restraining Order (Doc. #1) is DENIED.  It is further ORDERED that the Motion for a Preliminary Injunction (Doc. #1) is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 18th day of June, 2013.

                                      /s/ Mark E. Fuller
                              UNITED STATES DISTRICT JUDGE